Filed 10/21/20  P. v. Williams CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>MARIO ANDRESS WILLIAMS,<br><br>　　Defendant and Appellant. | B306085<br><br>(Los Angeles County<br>Super. Ct. No. GA069408) |

THE COURT:

Defendant and appellant Mario Andress Williams appeals from the denial of his motions for resentencing and dismissal of two sentence enhancements, under the recent amendments to Penal Code sections 667, subdivision (a), 1385, subdivision (b), and 667.5, subdivision (b).[1]

In 2007 defendant was convicted of mayhem, battery causing serious injury, and assault with a deadly weapon.  The trial court found a 2003 robbery conviction to be a strike under the Three Strikes law, causing his eight-year sentence for

---

[1]　All further statutory references are to the Penal Code, unless otherwise indicated.

mayhem to be doubled to 16 years. Based on the same prior conviction, the trial court added an enhancement of five years pursuant to section 667, subdivision (a), and one year for a prior prison term, pursuant to section 667.5, subdivision (b). On February 13, 2020, defendant filed his two motions to recall his sentence, each motion asking the trial court to exercise discretion to strike an enhancement.

The trial court treated the motions as a petition for writ of habeas corpus. It appears that defendant submitted a habeas petition along with his motions, seeking the identical relief, and while the motions were filed, the petition was merely marked received. The habeas petition is not included in the record on appeal. The trial court denied relief upon finding that defendant's judgment was final, and he was thus not entitled to retroactive application of the amended statutes. (See *People v. Garcia* (2018) 28 Cal.App.5th 961, 971-974 [§ 667, subd. (a)]; *People v. Jennings* (2019) 42 Cal.App.5th 664, 682 [§ 667.5, subd. (b)].) Defendant timely filed a notice of appeal from the order denying relief.

Appointed counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *People* v. *Serrano* (2012) 211 Cal.App.4th 496. Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review of the record for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278; see *Serrano*, at p. 503.) However, we will review a defendant's contentions or arguments if the defendant files his or her own supplemental brief or letter. (*Cole*, at p. 1039.)

On August 11, 2020, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds for appeal, contentions, or arguments he might wish to have considered. In response, on August 21, 2020, defendant filed a letter conceding that his judgment is final but asking this court to remand with a recommendation for a discretionary recall of his sentence.

Ordinarily, the denial of a petition for writ of habeas corpus is not appealable. (*In re Crow* (1971) 4 Cal.3d 613, 621, fn. 8; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 983, 986.) In the interest of judicial economy, we will treat this appeal as a petition for a writ of habeas corpus filed in this court. (*Gallardo*, at p. 986.) Remand to the trial court for the opportunity to exercise discretion would be an exercise in futility, as defendant is ineligible for relief due to his sentence being final. (See *People v. Garcia, supra*, 28 Cal.App.5th at pp. 971-974; *People v. Jennings, supra*, 42 Cal.App.5th at p. 682.) As defendant was ineligible for the relief he sought, he was not prejudiced by the order. We will not reverse a legally correct order. (See Cal. Const., art. VI, § 13.)

## DISPOSITION

The appeal from the order denying the petition for writ of habeas corpus filed in the trial court is affirmed.

The petition for writ of habeas corpus filed in this court is denied.

_____

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.